FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2013 MAY 10  AM 9:04

CLERK'S OFFICE
AT BALTIMORE

BY_____

MELvin Abdullah EL-Amin #68580

Baltimore County Department of Corrections

720 Bosley Ave. Towson, MD 21204     *

*(Full name and address of the plaintiff)*
**Plaintiff(s)**

**CCB13CV1316**

vs.                              *          Civil No.:_____
                                            *(Leave blank. To be filled in by Court.)*

Chief James W. Johnson, et.al.,

Baltimore County Police Department   *

700 Joppa Road

Towson, MD 21286                     *

See attachment for other Named Defendants

*(Full name and address of the defendant(s))*
**Defendant(s)**            *
                    ******

## COMPLAINT

1.  Jurisdiction in this case is based on:

    ☐   Diversity (none of the defendants are residents of the state where plaintiff is a resident)

    ☒   Federal question (suit is based upon a federal statute or provision of the United States Constitution)

    ☐   Other (explain) _____
    _____
    _____

2. The facts of this case are: Please See attached Complaint with facts of this Case.

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Melvin Abdullah El-Amin  )
1450 Bedford Ave. Apt. 318  )
Pikesville, Maryland 21208  )
    Plaintiff  )
)
V.  )  Case No. __CCB 13 CV 1316__
)
James W. Johnson, Chief  )
Baltimore County Police Department  )
Police Headquarters  )
700 East Joppa Road  )
Towson, Maryland 21286  )
)
Officer Ransom #5435  )
Baltimore County Police Department  )
215 Milford Mill Road  )
Pikesville, Maryland 21208  )
)
Detective Cohan #4819  )
Baltimore County Police Department  )
215 Milford Mill Road  )
Pikesville, Maryland 21208  )
)
Detective Thayer #4588  )
Baltimore County Police Department  )
215 Milford Mill Road  )
Pikesville, Maryland 21208  )
)
Officer John Doe#1  )
Baltimore County Police Department  )
215 Milford Mill Road  )
Pikesville, Maryland 21208  )
)
Officer John Doe#2  )
Baltimore County Police Department  )
215 Milford Mill Road  )
Pikesville, Maryland 21208  )
    Defendants  )
_____)

## Complaint

Comes now, Plaintiff Melvin Abdullah El-Amin, Pro Se., and in forma pauperis and moves this Honorable Court for leave to file this Civil Action against the named defendants in the above captioned case and states as follow:

### Venue

Jurisdiction of this case is based upon the Fourth Amendment to the United States Constitution.

### Parties

Plaintiff Melvin Abdullah El-Amin is a 65 year old African American citizen of the United States, a life-long resident of the City of Baltimore, Maryland, and a Longshoremen who is and has been involved in federal litigations against his labor union since 2010.

Defendant James W. Johnson is the Chief of Police for the Baltimore County Police Department (Hereinafter "BCPD"). As such, he has a legal duty and responsibility to properly train and supervise his subordinates (BCPD's officers and detectives) and he has failed to do so with regards to his co-defendants in this instant case who were subject to his control while acting within the scope of their employment. As a direct and proximate result of defendant Johnson's failure to properly train and supervise defendants Ransom, Cohan, Thayer, Doe# 1 and Doe# 2, those defendants infringed upon plaintiff's civil rights.

Defendant Ransom is an officer of the BCPD who aided and abetted in the violation of plaintiff's civil rights during the raid on plaintiff's apartment on March 22, 2013, at which time he actively, knowingly, intentionally and purposefully assisted the other Police Officers who raid plaintiff's apartment as he participated with them in the commission of a crime of conspiracy to illegally deprive plaintiff of his personal property. The personal property included, but was not limited to plaintiff's laptop which contained various vital legal documents essential and relevant to the pending Civil Action in the U.S.

2.

District Court for Maryland, in: <u>El-Amin v. International Longshoremen's Association, Local #333, et. al., Case No. CCB-13-820</u>. The illegal confiscation of plaintiff's laptop was and unlawful interference with the administration of justice, deprivation of personal property minus due process, denial of access to the court and obstruction of justice. Defendant Ransom and his co-officers and detectives took part in the raid at which time they arbitrarily and capriciously seized and unlawfully confiscated personal property belonging to the plaintiff without legal authority to do so. Said abuse of power was done under color of state law and constituted an illegal deprivation of property in direction of the U.S. Constitution.

Defendant Cohan is a detective employed by the BCPD who aided and abetted in the violation of plaintiff's civil rights during the raid on plaintiff's apartment on March 22, 2013, at which time he actively, knowingly, intentionally and purposefully assisted the other Police Officers who raided plaintiff's apartment as he participated with them in the commission of a crime of conspiracy to illegally deprive plaintiff of his personal property. The personal property included, but was not limited to plaintiff's laptop which contained various vital legal documents essential and relevant to the pending Civil Action in the U.S. District Court for Maryland, in: <u>El-Amin v. International Longshoremen's Association, Local #333, et. al., Case No. CCB-13-820.</u> The illegal confiscation of plaintiff's laptop was an unlawful interference with the administration of justice, deprivation of personal property minus due process, denial of access to the court and obstruction of justice. Defendant Cohan and his co-officers and detectives took part in the raid at which time they arbitrarily and capriciously seized and unlawfully confiscated personal property belonging to the plaintiff without legal authority to do so. Said abuse of power was done under color of state law and constituted deprivation of property in direct violation of the U.S. Constitution.

Defendant Thayer is a detective employed by the BCPD who aided and abetted in the violation of plaintiff's civil rights during the raid on plaintiff's apartment on March 22, 2013, at which time he actively, knowingly, intentionally and purposefully assisted the other Police Officers who raided plaintiff's apartment as he participated with them in the commission of a crime of conspiracy to illegally deprive plaintiff of his personal property. The personal property included, but was not limited to plaintiff's laptop which contained various vital legal documents essential and relevant to the pending Civil Action in the U.S. District Court for Maryland, in: El-Amin v. International Longshoremen's Association, Local #333, et al., Case No. CCB-13-820. The illegal confiscation of plaintiff's laptop was an unlawful interference with the administration of justice, deprivation of personal property minus due process, denial of access to the court and obstruction of justice. Defendant Thayer and his co-officers and detectives took part in the raid at which time they arbitrarily and capriciously seized and unlawfully confiscated personal property belonging to the plaintiff without legal authority to do so. Said abuse of power was dome under color of state law and constituted deprivation of property in direct violation of the 4th Amendment to the U.S. Constitution.

Defendant John Doe# 1, is a dark complexion African American officer of the BCPD and civil rights violator who participated in the raid on plaintiff's apartment on March 22, 2013. In conclusion with defendants Cohan, Thayer, Ransom, John Doe #2, and others, he unlawfully deprived plaintiff of his personal property from plaintiff's apartment which was not specified nor authorized by the search and seizure warrant. Defendant John Doe# 1, personally aided defendant Doe# 1, in the unlawful seizure and illegal confiscation of personal property from plaintiff's bedroom closet and night stand draw which were two (2) black jackets, a new leather jacket and a slightly used wool jacket, plus two (2) cell phones and charging cords and four (4) T-mobile cell phone monthly refill cards in violation of the 4th Amendment to the U.S. Constitution.

Defendant John Doe# 2, is a light complexion African American officer of the BCPD and civil rights violator who participated in the raid on plaintiff's apartment on March 22, 2013. In conclusion with defendants Cohan, Thayer, Ransom, John Doe# 1, and others, he unlawfully deprived plaintiff of his personal property from plaintiff's apartment which was not specified nor authorized by the search and seizure warrant. Defendant Doe# 2, personally aided defendant Doe# 1, in the unlawful seizure and illegal confiscation of personal property from plaintiff's bedroom closet and night stand draw, which were two (2) black jacket, a new leather jacket and a slightly used wool jacket, plus, two (2) cell phones and charging cord and four (4) T-mobile cell phone monthly refill cards in violation of the 4th Amendment to the U.S. Constitution.

## Statement of Facts

(1.) On March 22, 2013, at approximately 6:10AM, plaintiff heard a loud noise outside of his apartment door. When he went to investigate he notice the inside dead bolt lock was turning and all of a sudden the apartment door open widely and immediately nine (9) Officers from the Baltimore County Department (Hereinafter "BCPG") rushed in unannounced and unescorted by management staff. Plaintiff was placed under arrest, handcuffed and ordered to sit on the living room couch as the officers proceeded to search the apartment.

(2.) Unable to find any of the items in the apartment that were listed on the search and seizure warrant, the raiding BCPD officers proceeded to unlawfully deprive the plaintiff of various items of his personal property which included the following: a.) Plaintiff's personal laptop which contained invaluable personal information and legal motions to be presented in the ongoing federal litigation of, <u>El-Amin v. International Longshoremen's Association, Local#333, et al., Case No. CCB-13-820</u>, and various other important, confidential and personal documents and information-value of the computer $600.00, b.) Two (2) black men's jackets, one leather- valued at $700.00, the other made of wool and valued at $500.00, c.) Two (2) men's watches valued at $1,200.00, d.) One (1) men's

diamond ring valued at $1,500.00, One (1) letter date February 26, 2013 addressed to the plaintiff containing official documents (an International Longshoremen's Association's Membership Transfer Card) which is evidence plaintiff planned to submit in the above mentioned civil action, f.) Two (2) Previously used cell phones containing personal and private contacts and charging cords valued at $450.00, g.) One (1) newly activated cell phone which contained personal and private contacts and numbers of friends and relatives and other personal date valued at $350.00, h.) One (1) empty handgun box, i.) various other pieces of personal and private letters/documents.

3.) After illegally confiscating and depriving plaintiff of his personal property, the defendants Cohan, Thayer and Ransom illegally invaded plaintiff's right of privacy and wrongfully intruded into plaintiff's private affairs that caused plaintiff mental suffering and humiliation. The defendants Cohan, Thayer and Ransom they "hacked" into plaintiff's laptop and previously used cell phones the confiscated without legal authority to do so, and retrieved and unlawfully censured personal and private information without a warrant authorizing such activities. The above named defendants charged up plaintiff's previously used cell phones, obtained personal and private phone numbers of plaintiff's friends and relatives. The defendants called those phone numbers and spread false and erroneous information about the plaintiff causing fear and panic among plaintiff's friends and relatives.

4.) Defendant Cohan, after obtaining plaintiff wife's phone number from one of the previously used cell phone they illegally confiscated, the defendant (Cohan) placed a phone call to her in Florida where she resides and falsely claimed that he had seized her "handgun" during the raid on plaintiff apartment on March 22, 2013. During that conversation defendant Cohan also falsely claimed that he was charging plaintiff with possession of a deadly weapon without a permit and that plaintiff was "going down for a long time" and if there was anything she wanted to tell him about any other guns

6.

plaintiff may own. When plaintiff's wife explained to defendant Cohan that it was impossible for him to have seized her former handgun during the raid because she disposed of it before returning to Baltimore in 2010, because she learned that she could not bring it aboard the airplane; at the point the phone went silent.

5.) In an effort to resolve this matter in an amicable fashion minus judicial intervention, on April 13, 2013 plaintiff filed an official complaint those named defendant in this civil action with defendant Johnson Re: "Abuse of power under color of state law." Plaintiff made defendant Johnson aware that the Police Officers who were involved in the raid on his apartment entered unannounced with a door key they secured the previous day from management and they let themselves in plaintiff's apartment unaccompanied by management staff.

6.) Plaintiff made defendant Johnson aware via his April 13, 2013 complaint that his officers were unlawfully depriving plaintiff of his personal property particularly his laptop which contains information vital to the pending case in federal court against plaintiff's labor union and plaintiff requested that defendant Johnson order the release of that personal property without delay.

7.) After not hearing anything whatsoever from defendant Johnson in response to his April 13, 2013, complaint, plaintiff tried to reach defendant Johnson via the telephone on May 6, 2013, May 7, 2013 and May 8, 2013. Each time plaintiff called defendant Johnson's office a lady name "Cathy" would answer the phone and say that Chief Johnson was not in and that he sent my complaint to the legal department and she would have someone call, which they never did.

8.) As in all ongoing litigations each parties have deadline to meet in filing motions and various pleadings. Unless the defendants are compelled to release to the plaintiff his laptop and legal papers they illegal confiscated, plaintiff access to the court will be stymied and justice will be obstructed.

WHEREORE, plaintiff respectfully request that this Honorable Court enter an Emergency Order instructing the defendant to Cease and Desist Order prohibiting the defendants in this instant case

from the course of illegal conduct of depriving plaintiff of his personal property for which they have no legal authority to do, in addition, plaintiff request the following relief:

Compensatory damages in the amount of One Hundred Thousand Dollars ($100,000,00) individually and in their official capacities from each and all of the defendants and any further relief deem fair, just and needed. Punitive damage in the amount of Two Hundred Thousand Dollars ($200,000.00) individually and in their official capacities from each and all of the defendants and any further relief deem fair, just and needed.

Respectfully submitted,

Melvin Abdullah El-Amin
1450 Bedford Avenue, Apt. 318
Pikesville, Maryland 21208

8.

3. The relief I want the court to order is:

☑ Damages in the amount of: _See attachment - Relief_

☑ An injunction ordering: _To restore all Personal Property illegally seized as listed in the Complaint_

☑ Other (explain) _____

_May 10, 2013_
(Date)

_Melvin Abdullah El-Amin_
(Signature)

MELVIN ABDULLAH EL-AMIN

(Printed name, address and phone number of Plaintiff)

**Privacy Rules and Judicial Conference Privacy Policy**

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.