IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN ABDULLAH EL-AMIN | * | |
| | * | |
| v. | * | Civil Action No. CCB-13-1316 |
| JAMES W. JOHNSON, et al. | * | |
| | * | |
| | *** | |

# MEMORANDUM

Pending and ripe for this court's dispositive review is the defendants' motion for summary judgment. (ECF No. 11.) The plaintiff, Melvin Abdullah El-Amin, has opposed the motion. (ECF No. 26.) The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the defendants' motion will be granted, the complaint dismissed, and judgment entered in favor of the defendants.

## BACKGROUND

El-Amin filed the instant civil rights complaint after a search and seizure warrant was executed at his residence located at 1450 Bedford Avenue, Apt. 318, Pikesville, Maryland, on March 22, 2013. Baltimore County police obtained the warrant after the reported theft of a wallet belonging to Angela Cuomo containing personal identification, cash, and credit cards. The report was received by Officer Ransom, a defendant in this case. (Aff. of Thomas Ransom, ECF No. 11-2, ¶ 2.)

The parties agree that the search warrant was executed at approximately 6:00 a.m. Officers used a key[1] to enter El-Amin's apartment and were not escorted by apartment

---

[1] Detective Thomas Thayer obtained the key from the apartment complex's rental office so no damage would occur to the door of the apartment. (Aff. of Thomas Thayer, ECF No. 11-4).

management staff.  (ECF No. 1, at 7[2]; ECF No. 11-1, at 10.)  El-Amin states he was placed under arrest, handcuffed, and ordered to sit on the living room couch while the officers searched the apartment.  (ECF No. 1, at 7.)  El-Amin further claims that the officers were "[u]nable to find any of the items in the apartment that were listed on the search and seizure warrant" and that the officers "proceeded to unlawfully deprive the plaintiff of various items of his personal property." (*Id*.)  The items listed by El-Amin include: a personal laptop containing personal information and legal material for a federal case[3]; two men's black jackets; two men's watches; one diamond ring; a letter dated February 26, 2013, addressed to El-Amin from the International Longshoremen's Association (ILA); two previously used cell phones with charging cords; one newly activated cell phone; one empty handgun box; and various pieces of personal and private letters and documents.  (*Id*. at 7-8.)

The defendants assert that during the theft investigation, it was revealed that the stolen credit cards were used to make numerous purchases at commercial establishments and, through video surveillance camera footage and purchase records, El-Amin was identified as a suspect.  (Ransom Aff., ¶ 3.)  The search warrant application listed the following items, which were believed to be either at El-Amin's residence or on his person and were believed to constitute evidence of theft: an indication of occupancy and/or residency; the First Mariner Bank Visa debit card of Angela Cuomo; a Sephora Cosmetics Store gift card; a Bebe Clothing Store gift card; Cuomo's driver's license; a brown Tori Burch wallet; a Visa gift card marketed by Green Dot Corporation; a T-Mobile phone card; Motor Vehicle Administration (MVA) records pertaining to El-Amin; an all-black coat with a zippered front and different black material on upper

---

[2] Page references for the complaint (ECF No. 1) are ECF pagination.
[3] *See El-Amin v. International Longshoremen's Assoc., Local #333, et al.*, Civil Action CCB-13-820 (D. Md.).  The civil case was terminated on August 26, 2013, upon this court's memorandum and order granting a motion to dismiss in favor of the defendants.  (*Id*. at ECF Nos. 37, 38.)  El-Amin appealed the decision to the Fourth Circuit Court of Appeals and the judgment of this court was affirmed on January 23, 2014.  (*Id*. at ECF No. 44.)

shoulder; a dark gray coat with black on the upper shoulder and sleeve; a laptop; peripheral storage devices; receipts for Giant Food, Power Gamer Store, Rite Aid, and the MVA; a soft cloth black hat; khaki/tan colored casual dress pants; a blue button-down dress shirt; and other credit cards and bank cards in names other than Melvin Abdullah El-Amin or Melvin Williams. (ECF No. 11-5, at 2-3.)

The items seized in the search included: one Planet Fitness Membership Agreement form in the name of Logan Tauson; one T-Mobile Samsung cell phone; three Miscellaneous cell phones and chargers; one black leather coat; one black coat; one residency paper and empty envelope addressed to Melvin Abdullah El-Amin at 1450 Bedford Avenue Apt. 318 Pikesville, MD 21208, return address to ILA AFL-CIO, 5000 West side Avenue, Suite 100, North Bergen, NJ 07047; one empty .380 gun box; and one Toshiba Laptop computer. (ECF No. 11-1, at 6; Affidavit of Joseph Cohan, ECF No. 11-3; ECF No. 11-7.) The defendants assert they did not seize any watches or a diamond ring. (Thayer Aff., ¶14.)

El-Amin claims that following the confiscation of his property, defendants Cohan, Thayer, and Ransom invaded his right of privacy when they wrongfully intruded into his private affairs by hacking into his laptop and the previously used cell phones to obtain personal information. El-Amin claims the defendants called the phone numbers found on his cell phones and began to "spread false and erroneous information" about El-Amin. Specifically, El-Amin alleges that Cohan called El-Amin's wife who resides in Florida, and "falsely claimed" that he was charging El-Amin with possession of a deadly weapon without a permit and encouraged her to tell Cohan about any other guns. El-Amin claims his wife informed Cohan that she had

3

disposed of the handgun Cohan was referring to[4] when she learned she could not take it with her on an airplane. (ECF No. 1, at 8-9.)

El-Amin alleges he attempted to resolve the matter amicably without resorting to litigation by filing an official complaint, but he never heard back from the defendants. (ECF No. 1, at 9.) The defendants assert El-Amin's letter was received by the office of the Chief of Police for Baltimore County on April 17, 2013. (ECF No. 11-9.) El-Amin's letter was forwarded to the Legal Section for the Baltimore County Police Department. (ECF No. 11-9.) Department counsel Marissa Merrick replied to El-Amin on May 9, 2013. (ECF No. 11-10.) Merrick's letter asserted that because the items seized from El Amin's apartment were being held as evidence against him, he should address with his attorney the propriety of the seizure of those items; officers do not need "conclusive" evidence of criminal activity to make an arrest; and the officers here acted properly in showing the warrant to El-Amin's apartment manager in order to obtain a key and avoid unnecessary property damage. (*Id.*) El-Amin filed the instant complaint on May 10, 2013. (ECF No. 1.)

## STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

---

[4] Presumably this was the gun that had been in the empty .380 box found at El-Amin's apartment.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**ANALYSIS**

Supervisory Liability

Defendant Chief James Johnson is named in the complaint based solely on his role as a supervisor of the remaining defendants.[5] (ECF No. 1.) Such a theory of liability, without an allegation of personal involvement in the allegedly unconstitutional act, fails to state a claim under 42 U.S.C. §1983. It is well established that "there is no respondeat superior liability under § 1983." *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Rather, liability of supervisory officials "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.

---

[5] The remaining defendants are police officers involved in the execution of the search warrant on El-Amin's apartment.

2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Thus, the claim against Johnson must be dismissed.

## Fourth Amendment Claim

El-Amin asserts that his Fourth Amendment rights were violated when he was deprived of his property by the defendants under color of state law. (ECF No. 1, at 6.) Where, as here, a search and subsequent seizure of property is performed pursuant to a warrant, the officers executing the warrant are limited by its terms. *United States v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010). "The last clause of the Fourth Amendment contains a 'particularity requirement,' which 'is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant.'" *United States v. Dargan*, 738 F.3d 643, 647 (4th Cir. 2013) (quoting *Williams*, 592 F.3d at 519). The purpose of limiting the purview of a search to the terms of the warrant is to prevent police from conducting "exploratory rummaging in a person's belongings." *Andersen v. Maryland*, 427 U.S. 463, 480 (1976).

Reliance on the terms of the search warrant, however, "is not intended to impose a 'constitutional strait jacket' on investigating officers." *Dargan*, 738 F.3d at 647 (quoting *United States v. Dornhofer*, 859 F.2d 1195, 1198 (4th Cir. 1988)). Interpretation of the terms of a search warrant must take a realistic approach in order to preserve the strong preference for searches performed with a judicially approved warrant. *United States v. Phillips*, 588 F.3d 218, 223 (4th Cir. 2009). "An overly stringent rule of construction would encourage warrantless searches by reducing the benefits a warrant provides. Officers are motivated to secure judicial approval in part because of the safe harbor it represents." *Dargan*, 738 F.3d at 648.

Turning to El-Amin's unsworn opposition response, he asserts that the items seized do not match the authorized items listed in the search warrant. (ECF No. 26.) The only specific example he provides is that the color of one of the coats seized is not precisely the same color described in the warrant.[6]  (*Id.* at 2.)  But "a search warrant is not to be assessed in a hypertechnical manner." *United States v. Srivastava*, 540 F.3d 277, 289 (4th Cir. 2008).  While the Fourth Amendment requires particularity, there is no requirement that items seized match identically with those described in the warrant under pain of civil liability to the police force executing the warrant.  El-Amin's interpretation of what is a permissible seizure of property during the execution of a search warrant would place too great a burden on police officers and discourage efforts to obtain a warrant prior to a search.  Accordingly, the damages claim for the removal of the property from El-Amin's apartment shall be dismissed.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment will be granted.  Judgment will be granted in favor of the defendants and against El-Amin.

A separate order follows.

<u>September 2, 2014</u>                             <u>        /s/          </u>
Date                                                             Catherine C. Blake
                                                                 United States District Judge

---

[6] The warrant application describes one black coat and one dark gray coat, whereas the coats seized were both black. El-Amin makes no mention in his response motion of the diamond ring that, according to his complaint, had also been seized.